FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 3 0 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

PHILIP SLOANE,

            Defendant.

---

15-CR-0086

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

### Table of Contents

I. Introduction ............................................................................................................. 1
    A. Underlying Charge and Conviction ............................................................... 2
    B. Arrest on Instant Charge ................................................................................ 3
    C. Guilty Plea ..................................................................................................... 3
    D. Sentence ........................................................................................................ 4
II. Offense Level, Category, and Sentencing Guidelines Range ................................. 4
III. Law .......................................................................................................................... 4
IV. 18 U.S.C. § 3553(a) Considerations ....................................................................... 5
V. Sentence .................................................................................................................. 7
VI. Conclusion .............................................................................................................. 8

### I. Introduction

When a defendant is making good progress towards rehabilitation, the court should try to help him on his way. A Guidelines sentence of 24–30 months imprisonment is bound to discourage the reintegration into lawful society by the defendant. It will harm his sister. Time served of one month plus five years of supervision will assist him and his family, protect the public, and save taxpayer money.

1

While on supervised release, Philip Sloane failed to register properly as a sex offender. He was homeless. Despite this infraction, defendant is making a good adjustment toward turning his life around. At age fifty-three, he is pursuing his GED. He has escaped homelessness and has secured stable housing. He has reunited with his two sisters and is providing shelter for one of them.

### A. Underlying Charge and Conviction

On February 20, 1997, when he was 25, Philip Sloane pled guilty to sexual abuse in the 1st degree (knifepoint rape); he pled guilty, he says, to obtain four years instead of twelve years in prison. It was, he contends, consensual sex without a weapon. *See* Presentence Investigation Report ¶ 33.

He was sentenced to four years incarceration and required to register as a sex offender. *Id.* He was released on parole on April 21, 2000. *Id.* Required was lifetime registration to be renewed annually in order to verify his current physical and email addresses. *Id.* at ¶ 3.

Before his release, Mr. Sloane registered as a sex offender under a New York address. *Id.*

This defendant has been accused or found guilty of a substantial number of youthful drug-related crimes listed as "0" points under criminal history. *Id.* at ¶¶ 22–35.

On October 25, 2007, Mr. Sloane was arrested in Florida and charged with failure to register as a sex offender in the 3rd degree. *Id.* at ¶ 4. He was sentenced to two years probation and fined. *Id.* at ¶ 34. A violation of probation was subsequently charged and remains active. *Id.* Almost immediately, he properly registered as a sex offender and provided his then Florida address. *Id.* at ¶ 4.

On April 21, 2008, Mr. Sloane filed a New York State Sex Offender Registry Address Verification form listing his Florida address. *Id.*

On March 7, 2011, Mr. Sloane was arrested in Staten Island, New York for assault. *Id.* at ¶ 5. He provided the arresting officers with a Staten Island, New York address. *Id.* He pled guilty to assault in the 3rd degree and received a conditional discharge. *Id.*

In early 2015, United States Marshals discovered that Mr. Sloane had not registered with the New York State Department of Criminal Justice Services Sex Offender Registry since April 2008. *Id.* at ¶ 7.

### B. Arrest on Instant Charge

On February 19, 2015, Mr. Sloane was arrested by United States Marshals for failure to register as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250. *Id.* at ¶ 1; *see* 18 U.S.C. § 2250(a)(1)–(3) (providing that "[w]hoever is required to register under the Sex Offender Registration and Notification Act . . . and travels in interstate [commerce] . . . [and] knowingly fails to register or update a registration as required by [SORNA] . . . shall be fined under this title or imprisoned not more than 10 years, or both.").

After serving one month in jail, defendant was released on March 19, 2015 on a $100,000 unsecured bond with pretrial release conditions. *See* Presentence Investigation Report, p.1.

### C. Guilty Plea

On May 4, 2015, Mr. Sloane pled guilty to failure to register as a sex offender in violation of 18 U.S.C. § 2250. *See* Hr'g Tr. 12:18–19, May 4, 2015.

### D. Sentence

On July 14, 2015, defendant was sentenced to one month of time-served and a supervised release term of five years with conditions attached. *See* Sentencing Hearing Transcript ("Sent. Hr'g"), July 14, 2015. The proceeding was videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court considers in imposing a sentence. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for possible review of sentences on appeal). Revealed was a close, emotional relationship among defendant and his sisters.

## II. Offense Level, Category, and Sentencing Guidelines Range

For a violation of supervised release, defendant's total offense level is 13. *See* Second Addendum to the Presentence Report ¶ 20. The criminal history category is IV. *Id.* at ¶ 64. The Sentencing Guidelines ("Guidelines") imprisonment range is 24–30 months. *Id.*; *see* U.S.S.G. Ch. 5 Pt. A.

A term of five years supervised release is required, with a maximum term of supervised release of life. 18 U.S.C. § 3583(k). The Guidelines range is five years supervised release. U.S.S.G. § 5D1.2(c).

A special assessment of $100 is mandatory. 18 U.S.C. § 3013(a)(2)(A). There is no Guidelines fine range.

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. §

3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under [section] 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising its own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, justifiable parsimony in incarceration is prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary . . . ."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Mr. Sloane is now fifty-three years old. *See* Sent. Hr'g. He had a distant relationship with his mother who raised him. *See* Presentence Investigation Report ¶ 45. He had almost no contact with his father. *Id.* at ¶ 44. He grew distant from his mother in his adult years because of her deeply-religious beliefs, which, according to the Presentence Investigation Report, bordered on a "cult-like obsession." *Id.* at ¶ 45.

Defendant described his childhood household as low-income; it was free from any drug or alcohol abuse. *Id.* He dropped out of high school in tenth grade and left home at age sixteen. *Id.* at ¶¶ 45, 56.

Mr. Sloane has two paternal sisters with whom he was not raised. *Id.* at ¶ 46. Three years ago Mr. Sloane was reunited with both sisters while volunteering at a church. *Id.* They have since established a close relationship with him. *Id.*; *see* Sent. Hr'g. Both sisters are currently struggling to find stable employment. *See* Sent. Hr'g. One sister resides with Mr. Sloane while she searches for a job. *See* Presentence Investigation Report at ¶ 46.

Mr. Sloane was homeless for a period when he first moved back to New York. *See* Sent. Hr'g. He attributes this as the reason for his failure to register. Hr'g Tr., 9:25–10:4, May 4, 2015. He now lives in cramped quarters of his own apartment. Presentence Investigation Report at ¶ 48.

Today, Mr. Sloane is working toward his GED. *See* Sent. Hr'g. He attends school three days a week. *Id.* He currently receives $190 per month in food stamps and $806 per month in disability benefits. *See* Presentence Investigation Report ¶ 61. The income provides for little more than sufficient dwelling and food. He is currently registered as a sex offender. *See* Sent. Hr'g.

The Government does not contend that Mr. Sloane is a sexually dangerous person under the Adam Walsh Act. *See* Sent. Hr'g.; *see also* Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248) (providing that at the end of a prison term, a defendant may be civilly committed if government proves by clear and convincing evidence that defendant is a "sexually dangerous person").

At age fifty-three, Mr. Sloane is unlikely to recidivate. *See* Presentence Investigation Report ¶¶ 22–35; Defendant's Sentencing Memorandum, July 2, 2015, ECF No. 21 ("Def.'s Sent. Mem."). He demonstrates a firm commitment to obtaining an education and to living a crime-free life. *See* Sent. Hr'g. He has provided a home for a financially-unstable sister and continues to maintain a close and supportive relationship with both his sisters. *See* Presentence Investigation Report ¶ 46; Sent. Hr'g.

Any imposed incarceration will cause distress and difficulties to his two sisters, who have grown close and are supportive of their brother. *See* Sent. Hr'g. Incarceration will interfere with Mr. Sloane's recent efforts to turn his life around. *Id.* It would cause loss of his apartment. *See* Def.'s Sent. Mem. This would adversely impact his sister's living situation. *Id.* Incarceration would also make it difficult for him, upon release, to avoid a return to homelessness. *See* Sent. Hr'g.

V.  **Sentence**

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature and circumstances of the offense, and the history and characteristics of the defendant, Mr. Sloane was sentenced to time-served and a supervised release term of five years. *See* Sent. Hr'g. The terms of release were enumerated on the record. A $100 special

assessment was imposed. 18 U.S.C. § 3013(a)(2)(A). No fine was imposed since defendant has no assets and will not have any in the foreseeable future. *See* Sent. Hr'g.

## VI. Conclusion

General and specific deterrence are achieved by the sentence. All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: July 20, 2015
Brooklyn, New York